Mr. Justice Clayton
delivered the opinion of the court.
In the circuit court of Yazoo county, a motion was made, after the original judgment had been entered, to revive in the name of Elijah Peale, the trustee of the bank, appointed when the judgment of forfeiture was pronounced upon quo warranto against the bank. The defendants by their attorneys opposed the motion, but the court overruled their objection, and directed the judgment to be revived in the name of Peale.
*702 The correctness of this order is the point to be decided. Regularly a scire facias to revive a judgment ought to be sued out whenever a new person becomes interested therein, of chargeable therewith. 1 Rob. Pr. 574 ; 2 Ins. 471. Yet a scire facias is but process, a means of bringing the person against whom it is directed, into court, to show cause why the judgment should not be revived. It has been frequently decided, that a voluntary appearance of the party does away with the necessity of process. Harrison v. Agricultural Bank, 2 S. & M. 311; 1 How. 522; 4 Ib. 27. When he thus appears, he can make the same defence as if he had been served with process; and the same matter would entitle him to a continuance, if prayed for. There can be no reason for notice when the party shows that he has had all the advantage which notice could have given him.
Here he appeared, did not object to the sufficiency of the notice, but only made a general objection to the reviving of the judgment. He must be held thereby to have waived the necessity of process.
The judgment is therefore affirmed.